CC: MWJS
filer

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 08 2026

at 9 o'clock and 24 min. A M
Lucy H. Carrillo, Clerk

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

---

THEODORE HAUGLAND,

    *Plaintiff, Pro Se,*

v.

META PLATFORMS, INC.;

INSTAGRAM, LLC;

META PAYMENTS, INC.; and

META PLATFORMS TECHNOLOGIES, LLC,

    *Defendants.*

Case No.:

(to be assigned by the Clerk's Office)

**CV 26  00352 MWJS  WRP**

**JURY TRIAL DEMANDED**

**COMPLAINT FOR A CIVIL CASE**

(Pro Se 1 – Rev. 12/16)

---

## I. THE PARTIES TO THIS COMPLAINT

### A. The Plaintiff

    **Name:** THEODORE HAUGLAND

    **Street Address:** 99-009 Kalaloa St Ste D2016

    **City and County:** Aiea, Honolulu County

    **State and Zip Code:** Hawaii 96701

    **Telephone Number:** (202) 933-3332

    **E-mail Address:** administrator@civillawinc.com

### B. The Defendants

**Defendant No. 1:**

1

**Name:** Meta Platforms, Inc.

**Job or Title (if applicable):** Social Media Corporation (Parent Company)

**Street Address:** 1 Meta Way

**City and County:** Menlo Park, San Mateo County

**State and Zip Code:** California 94025

**Telephone Number:** (650) 543-4800

**E-mail Address:** N/A

**Defendant No. 2:**

**Name:** Instagram, LLC

**Job or Title (if applicable):** Social Platform (Subsidiary of Meta Platforms, Inc.)

**Street Address:** 1 Meta Way

**City and County:** Menlo Park, San Mateo County

**State and Zip Code:** California 94025

**Telephone Number:** (650) 543-4800

**E-mail Address:** N/A

**Defendant No. 3:**

**Name:** Meta Payments, Inc.

**Job or Title (if applicable):** Payment Processor (Subsidiary-Meta Platforms Inc.)

**Street Address:** 1 Meta Way

**City and County:** Menlo Park, San Mateo County

**State and Zip Code:** California 94025

**Telephone Number:** (650) 543-4800

**E-mail Address:** N/A

**Defendant No. 4:**

**Name:** Meta Platforms Technologies, LLC

**Job or Title (if applicable):** Virtual Reality/ Subsidiary of Meta Platforms, Inc.

**Street Address:** 1 Meta Way

**City and County:** Menlo Park, San Mateo County

**State and Zip Code:** California 94025

**Telephone Number:** (650) 543-4800

**E-mail Address:** N/A

---

## II. BASIS FOR JURISDICTION

### A. Federal Question

The following federal statutes, regulations, and/or provisions of the United States Constitution are at issue in this case:

**1.** The Children's Online Privacy Protection Act (COPPA), 15 U.S.C. §§ 6501–6506, and its implementing regulations at 16 C.F.R. Part 312, including §§ 312.3, 312.4, 312.5, and 312.8, which prohibit operators of websites and online services directed to children under 13, or with actual knowledge that they are collecting personal information from children under 13, from collecting, using, or disclosing such personal information without verifiable parental consent.

**2.** This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 because they involve questions of federal law arising under COPPA.

**3.** This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as all claims alleged herein form part of the same case or controversy.

### B. Diversity of Citizenship

**1.** The Plaintiff, Theodore Haugland, is a citizen of the State of Hawaii.

**2.** Defendant Meta Platforms, Inc. is incorporated under the laws of the State of Delaware and has its principal place of business in the State of California.

3

**3.** Defendant Instagram, LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in the State of California.

**4.** Defendant Meta Payments, Inc. is incorporated under the laws of the State of Florida and has its principal place of business in the State of California.

**5.** Defendant Meta Platforms Technologies, LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in the State of California.

**6.** No Defendant is a citizen of the State of Hawaii.

## C. The Amount in Controversy

1. The amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff has suffered substantial actual damages including but not limited to harm to his minor child's physical and mental health, the costs of psychological treatment, loss of educational opportunity, and loss of parental rights to make informed decisions regarding his child's online activities, and further seeks punitive and exemplary damages in an amount to be determined at trial, arising from Defendants' systematic, willful, and ongoing unlawful conduct described herein.

---

## III. STATEMENT OF CLAIM

A. Plaintiff Theodore Haugland brings this action against Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta" or "Defendants") for violations of federal and state law arising from Meta's unlawful collection of children's personal data without parental consent, its

4

deployment of psychologically manipulative platform features targeting minors, and its systematic deception of the public regarding the safety of its platforms for young users.

## 1. Violation of COPPA / Negligence Per Se

*(15 U.S.C. §§ 6501–6506; 16 C.F.R. Part 312)*

**a.** The Children's Online Privacy Protection Act (COPPA), 15 U.S.C. § 6501 et seq., prohibits operators of websites and online services directed to children under 13, or with actual knowledge that they are dealing with children under 13, from collecting, using, or disclosing personal information from such children without first obtaining verifiable parental consent.

**b.** Meta's social media platforms—Facebook and Instagram—are directed to children within the meaning of COPPA, 15 U.S.C. § 6501(1), and Meta has actual knowledge that users under the age of 13 use its platforms. Meta collects personal information, including but not limited to names, addresses, online contact information, geolocation data, persistent identifiers, and behavioral and biometric data, from users under the age of 13 on Facebook and Instagram without obtaining verifiable parental consent, in direct violation of COPPA.

**c.** Meta's violations of COPPA constitute negligence per se. Plaintiff's minor child was a user of Meta's platforms during a period when Plaintiff had not provided verifiable parental consent to the collection of his child's personal information. As a direct and proximate result of Meta's COPPA violations, Plaintiff and his minor child suffered harm, including physical and mental health injuries, interference with education and daily life, and the unlawful deprivation of Plaintiff's right to make informed decisions regarding his child's online activity.

5

## 2. Violation of Hawaii Unfair and Deceptive Trade Practices Act

*(Haw. Rev. Stat. §§ 480-1 et seq.)*

**d.** Meta engaged in unfair and deceptive acts and practices in the conduct of trade and commerce in the State of Hawaii and directed at Plaintiff. Meta falsely and misleadingly represented to Plaintiff, consumers, lawmakers, and the public that its social media platforms were safe, age-appropriate, and designed to support users' well-being—when in fact Meta designed its platforms to psychologically manipulate young users through addictive features including dopamine-manipulating recommendation algorithms, social comparison features such as "Likes," infinite scroll, ephemeral content, and disruptive audiovisual and haptic notifications.

**e.** Meta knew that these representations were false. Meta's own internal research demonstrated that its platforms harm young users' mental and physical health by causing depression, anxiety, insomnia, eating disorders, and body dysmorphia. Meta concealed this research from the public and continued to deploy harmful features while publicly denying their effects. These deceptive acts and practices directly caused harm to Plaintiff and his minor child.

### 3. Products Liability / Defective Design

**f.** Meta's social media platforms, including Facebook and Instagram, are products designed with defective features that cause unreasonable harm to young users. These defective features include, without limitation: (a) dopamine-manipulating recommendation algorithms using variable reinforcement schedules; (b) infinite scroll designed to prevent disengagement; (c) push notifications designed to recall

young users to the platform at all hours; (d) "Likes" and social comparison metrics known to cause psychological harm in minors; (e) visual filter features known to promote body dysmorphia in young users; and (f) ephemeral content features designed to induce fear of missing out ("FOMO").

g. These features were defectively designed because the risks of harm they impose on young users outweigh any utility, and because safer alternative designs were feasible and known to Defendants. Meta chose not to implement safer alternatives because doing so would reduce user engagement and therefore reduce advertising revenue. As a direct and proximate result of these design defects, Plaintiff's minor child suffered serious physical and psychological harm.

## 4. Fraudulent Misrepresentation and Concealment

h. Meta knowingly and intentionally made materially false representations to the public, including to Plaintiff, that its social media platforms were safe for young users and not designed to induce compulsive or extended use. Meta also fraudulently concealed its internal research demonstrating that its platforms cause serious harm to young users' mental and physical health. Plaintiff reasonably relied on Meta's representations and permitted his minor child to use Meta's platforms. Had Plaintiff known the truth, he would not have permitted such use. Plaintiff suffered damages as a direct result of his reasonable reliance on Meta's fraudulent misrepresentations and omissions.

## 5. Negligence

i. Meta owed a duty of reasonable care to Plaintiff and his minor child as users and parents of users of its social media platforms. Meta breached that duty by: designing and deploying features known to cause psychological and physical

harm to young users; collecting personal data from children without parental consent; concealing known harms from the public; and failing to implement reasonable safeguards to protect young users from the harmful effects of its platforms. Meta's breach directly and proximately caused Plaintiff and his minor child to suffer damages, including emotional distress, physical and mental health harm, the cost of treatment, and interference with education and daily life.

## 6. Unjust Enrichment

j. Meta has been unjustly enriched at the expense of Plaintiff and his minor child by collecting and monetizing Plaintiff's minor child's personal data without lawful consent and by profiting from the compulsive use of its platforms induced by its psychologically manipulative design features. It would be inequitable for Meta to retain such profits without compensation to Plaintiff. Plaintiff is entitled to restitution of the amounts by which Meta was unjustly enriched at his and his child's expense.

---

## IV. RELIEF

State briefly and precisely what damages or other relief the plaintiff asks the Court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A. Plaintiff respectfully requests that this Court:

1. Award Plaintiff compensatory and actual damages in an amount to be determined at trial, including but not limited to the costs of medical and psychological treatment for

8

Plaintiff's minor child, loss of educational opportunity, and other economic and non-economic damages sustained as a result of Defendants' unlawful conduct;

2. Award Plaintiff punitive and exemplary damages in an amount sufficient to punish Defendants for their willful, knowing, and systematic violations of law and to deter similar future conduct;

3. Award Plaintiff statutory damages to the extent permitted by applicable law;

4. Issue an injunction requiring Defendants to: (a) cease the unlawful collection of personal information from children under the age of 13 without verifiable parental consent; (b) disable or substantially modify the psychologically manipulative features described in this Complaint as they are applied to minor users; and (c) implement meaningful, default-on protections for minor users;

5. Award Plaintiff the costs of this action; and

6. Grant such other and further relief as this Court deems just and proper.

## B. Demand for Jury Trial

1. Plaintiff Theodore Haugland hereby demands trial by jury on all claims triable by jury in this action, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

## VI. CERTIFICATION AND CLOSING

B. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

1. is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

**3.** factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**4.** the complaint otherwise complies with the requirements of Rule 11;

**C.** I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

/Signature/ _Theodore Haugland_ /Date/ _July 8, 2026_

**Theodore Haugland**                    **July 8, 2026**

Street Address: 99-009 Kalaloa St Ste D2016, Aiea, HI 96701

City and County: Aiea, Honolulu County

State and Zip Code: Hawaii 96706

Telephone Number: (202)933-3332

Facsimile: (202)933-3335

E-mail Address: administrator@civillawinc.com

Plaintiff, *Pro Se*